UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATRICK MORIN, et al,

        Plaintiffs,

-against-

M&M INDUSTRIES, LLC.,

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 06-5668

(Wexler, J.)

APPEARANCES:

    ARCHER, BYINGTON, GLENNON & LEVINE, LLC
    BY: ANTHONY LUMIA, ESQ.
    Attorneys for Plaintiffs
    425 Broadhollow Road Suite 405
    P.O. Box 9064
    Melville, New York 11747-9064

    LAW OFFICES OF ANDREW L. CRABTREE
    BY: ANDREW L. CRABTREE, ESQ.
    Attorneys for Defendant
    225 Broadhollow Road Suite 303
    Melville, New York 11747

WEXLER, District Judge

    This is a case brought pursuant to the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs allege that Defendant, M&M Industries, LLC ("M&M") failed to adhere to the terms of a collective bargaining agreement with the Empire State Regional Council of Carpenters and/or its predecessor and affiliated unions (collectively the "union"). Presently before the court is Defendant's motion for partial summary judgment dismissing Plaintiffs' breach of contract causes of action.

## BACKGROUND

I.  **The parties and the Allegations of the Complaint**

Plaintiffs bring this action in their capacities as the trustees of the Union. Plaintiffs state that M&M is bound to the terms of a collective bargaining agreement that requires M&M to contribute to Union administered benefit funds in amounts determined by the number of hours worked by union members. Defendant is also alleged to be required to maintain records detailing hours worked and contributions made.

Plaintiffs set forth a particular construction project, allegedly worked upon by union members, for which Defendant failed to make the required contributions. Specifically, Plaintiffs allege that work performed in October of 2005, at a construction project taking place in Paterson, New York, known as the "New England Equine," was work for which M&M should have made fund contributions.

Plaintiffs' complaint seeks contributions as well as the right to audit the books and records of M&M. Plaintiffs further seek statutory relief of liquidated damages, costs, disbursements and attorney fees.

II.  **The Motion and Opposition**

Defendant seeks summary judgment dismissing the claim under the collective bargaining agreement on the ground that it terminated that agreement. According to M&M, its agreement with the union was terminated in 2003. Thus, it is argued, it was under no obligation to make contributions with respect to a job performed in October of 2005.

In response, Plaintiffs argue that under the terms of the parties' agreement, M&M was bound to a multi-employer bargaining unit known as the Construction Contractors Association of the Hudson Valley. As a member of that unit, M&M is alleged to have agreed to be bound by

future collective bargaining agreements. As such, the purported termination was ineffective and that M&M became a party to a collective bargaining agreement that bound it to make contributions in connection with the October 2005 project.

## III. Disposition of the Motion

Upon consideration of the papers in support of and in opposition to the motion, this Court finds that genuine issues of material fact exist precluding the entry of summary judgment with respect to Plaintiffs' claims. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). Accordingly, the motion for summary judgment dismissing the breach of contract claims is denied. The denial of the motion is without prejudice to renewal at the close of Plaintiffs' case.

SO ORDERED.

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 5, 2008